## CONTINUANCES BY A MAGISTRATE IN PERSECUTIONS UNDER THE CRABBE ACT.

Court of Common Pleas of Champaign County.

THE STATE OF OHIO, EX REL, VS. WILL HEASTON; STATE OF OHIO, EX REL, V. FRANK J. HARRIGAN; STATE OF OHIO, EX REL, V. GLEN F. FIELDS.

Decided, November, 1921.

*Criminal Law—Time of Trial Before a Justice of the Peace—Not Limited under the Crabbe Act to Four Days.*

In a prosecution under the Crabbe act, a justice of the peace or mayor is not controlled by the general statutes relating to arrest, examination and bail, which limit the period an accused person can be detained to four days, but the matter of continuance and time of trial is within the sound discretion of the magistrate, the same as in the probate court or court of common pleas.

*Milo L. Meyers, Prosecuting Attorney Union Co.*, for Plaintiff.
*Leo Buroker, L. H. Rogers*, for Defendant.

MIDDLETON, J.

These cases each involve the same question. In each the relator prays that writ of habeas corpus issue to Frank Collier, sheriff of Union county, Ohio, and that relator be discharged from an alleged illegal imprisonment and restraint.

The application in each case, in substance, claims: that the relator is unlawfully imprisoned and restrained of his liberty by Frank Collier, as sheriff of Union County, at Marysville, in the county jail of said county, and that said imprisonment has continued since the third day of November, 1921, and is without legal authority.

A writ was granted, as prayed for, directed to the sheriff, commanding him to have the body of each of the relators before the court at ten o'clock on November, 17, 1921. The writ was duly served on the sheriff, and he makes return stating, in writing, in substance, that he has relators in his custody,

under restraint, and setting forth, at large, the authority and the true and whole cause of such restraint, with a copy of the warrant upon which the parties are detained. In substance, the return is: that he restrains the parties, as the keeper of the county jail of Union county, Ohio: that said jail is open to, and used by the village of Marysville, in said county. That on the third day of November, 1921, an affidavit was filed with the mayor of said village for a search warrant; that a search warrant was on the same day issued to the deputy marshal of said village, directing him to search an automobile for intoxicating liquor then and there being possessed and transported by relators. That the deputy marshal seized and searched the automobile and found therein a quantity of intoxicating liquor; that he seized the liquor and arrested the relators found in possession of the automobile and the intoxicating liquors. and placed relators in the jail at about four o'clock on said date. That on the fourth day of November, 1921, the marshall filed an affidavit in the mayor's court against the three relators arrested, charging them with possessing intoxicating liquor, together with a separate affidavit charging the relator, Will Heaston, with transporting intoxicating liquors in violation of the law. That upon the same day a warrant issued out of said mayor's court for their arrest, and that they were arraigned before the mayor on the charges contained in the affidavit, and each pleaded not guilty; and that bond was fixed for their appearance and trial on the 22nd, day of November, 1921, before said mayor, in the sum of fifteen hundred dollars each; that in default of bond on the date set for trial, they were committed to jail, where they have stood committed since said fourth day of November, 1921, by order of said mayor of said village. A copy of the affidavit, warrant for arrest, return order for commitment and commitment, are marked as exhibits, and made a part of the return. No bond has ever been executed and presented for the release of said relators, and the sheriff, therefore, asks that the application be denied.

Section 12180 G. C. provides:

"If it appears that the prisoner is in custody under a warrant or commitment in pursuance of the law, the return shall be made *prima facie* evidence of the cause of the detention."

Under this provision of the General Code, the burden of proof is upon the relators to show that they are illegally restrained of their liberty by the sheriff; or, in other words, to overcome the *prima facie* evidence of their legal detention by the return of the sheriff.

Evidence was offered by the relators on this question, and it is not only insufficient to overcome this *prima facie* evidence, but is corroborative of the statements made in the return of the sheriff. It appears from the return of the sheriff, and from the evidence, that relators were arrested on the third day of November, 1921, that they were arraigned before the mayor and pleaded not guilty, and that each was ordered to execute a bond in the sum of fifteen hundred dollars for their appearance before the mayor of the village on the 22nd and 23rd day of November, and that for failure to give bond they have been since that time detained by the sheriff in the county jail of Union county.

It is claimed by counsel for the relators that for this reason the detention of the relators in the county jail of Union county for a longer period than four days was illegal, and unwarranted in law, and that for this reason they should be discharged.

In the support of this contention they cite, first, Sections 13506, 13507 and 13508 of the G. C. These sections are part of the chapter of the General Code relating to "arrest, examination and bail." Section 13506 G. C., in part, is as follows:

"When the officer holding the warrant arrests the accused, he should take him before the proper magistrate and having endorsed and signed a proper warrant on the return, shall deliver it to the magistrate."

Section 13507 G. C., in part, is as follows:

"If it is necessary for just cause to adjourn the examination

of the accused, the magistrate may order such adjournment and commit him to the jail of the county until such cause of delay is removed, but the entire time of such confinment in jail shall not exceed four days.''

Section 3508, G. C., in part, is as follows:

''When an adjournment is ordered the accused may enter into a recognizance before the magistrate with good and sufficient surety approved by him in such amount as he may deem reasonable, conditioned for the appearance of such person before the magistrate at a place, date and hour specified in the recognizance, but such adjournment shall not be for longer than twenty days, without the consent of the accused.''

Under these provisions of the statute it is clear that when an accused is arrested and taken before the magistrate, and it is necessary for just cause to adjourn the examination, the magistrate may order such adjournment and commit him to the jail of the county until such cause of delay is removed, but that the entire time of such confinement in jail shall not exceed four days; and it is also clear that when an adjournment is ordered, and the accused enters into a recognizance before the magistrate with a good and sufficient surety in such amount as the magistrate may deem reasonable, conditioned for the appearance of such accused before the magistrate at a place, date and hour specified in the recognizance, that the adjournment shall not be for longer than twenty days without the consent of the accused.

These are the plain provisions of the statutes, and it has been so held in *Washer et al* vs. *Iler,* 9 Ohio Circuit Court Reports, page 271, in a case in which the mayor of Akron, the chief of police and the keeper of the city prison, were sued for false imprisonment, and the hearing was continued for a period of seven days; and a holding of the same effect by the Supreme Court in *Ledger et al* vs. *Warren,* 66 Ohio State, 500, in a case for wrongful arrest and imprisonment. So that, if these general statutes relating to ''arrest, examination and bail,'' with respect to the continuance of the hearing of one arrested and

brought before the magistrate accused of the commission of an
offense, apply in the present case, it would seem that the deten-
tion of the relators in the jail of Union county by the sheriff
of that county for a period of longer than four days, would
be unlawful and illegal, and the relators entitled to be discharged
under writ of habeas corpus; but do they apply in this case?
It is apparent from the statements of the sheriff of Union county,
in his return of the writ of habeas corpus, and from the affidavit
filed against relators before the mayor of Marysville, in each of
these cases, that the prosecutions before the mayor were under
the enforcement of the prohibition act, commonly known as
the "Crabbe" act, Sections 6212-12 to 6212-20 General Code.
The relators were each charged under Sections 6212-15 and
6212-16 of this act.  Section 6212-18 of the act prescribes
what courts shall have jurisdiction of the prosecution of per-
sons charged with the violation of this act, and is as follows:

"Any justice of the peace, mayor, municipal or police judge,
probate of common pleas judge within the county with whom
the affidavit is filed charging a violation of the provisions of
this act, when the offense is alleged to have been committed
in the county in which such mayor, justice of the peace or
judge may be sitting, shall have final jurisdiction to try such
cases upon such affidavits without a jury, unless imprisonment
is part of the penalty, but error may be prosecuted to the judge
or such mayor, justice of the peace or judge, as herein provided."

This section confers final jurisdiction alike upon justices of
the peace, mayors, municipal or police judges, probate or com-
mon pleas judges, to try such cases upon the affidavit without a
jury, unless imprisonment is a part of the penalty.  This being
so it would seem to the court that the same authority and pro-
cedure is provided for in prosecutions under this act before
each and all of these courts; that is, before a justice of the
peace, mayor, municipal or police judge, probate or common
pleas judge, and that the provisions of the statute in this re-
spect impliedly vests in each one of these courts plenary power
to fix and determine upon a date for the trial of any cause
brought before the court for a violation of the act, and that

magistrates, when such prosecutions are instituted before them, are not subject to the general provisions of the statutes relating to "arrest, examination and bail," *supra*, governing magistrates sitting, usually, as examining magistrates only.

The court is of opinion that the question of fixing the date of the trial of an accused brought before a justice of the peace or mayor, under this act, and a matter of continuance of such trial from time to time, is the same as before the probate or common pleas judge. It is a matter, in the opinion of the court, resting in the sound discretion of the justice of the peace or mayor. .

Counsel for the sheriff cites Section 13243 of the G. C. as authority for detaining the relators for not more than thirty days, but the court, upon examination of the statute, is of the opinion that the same does not apply in this case. This section applies, apparently, only where there is a violation of law prohibiting the sale of intoxicating liquors as a beverage, which, in the opinion of the court, is not this case.

With this view of the law of the case an order discharging the relators from custody will be refused, and relators, Will Heaston and Glen F. Fields, be required to enter into a recognizance with sufficient surety in the sum of $100, conditioned for the appearance of each before W. F. Brodrick, mayor of the village of Marysville, in Union county, Ohio, on the 22nd, day of November, 1921, and upon failure to enter into such recognizance it is ordered that said relators, and each of them, be committed to the county jail of said Union county, Ohio, until said date; and that F. J. Harrigan, be required to enter into recognizance with sufficient surety in the sum of $1,000 conditioned for his appearance for trial before W. F. Brodrick, mayor of the village of Marysville, in Union county, Ohio, on the 23rd, day of November, 1921, and that upon failure to enter into such recognizance it is ordered that said relator be committed to the county jail of said Union county, Ohio, until said date.

It is further ordered that relators pay the cost of these proceedings.